BAUER, Circuit Judge,
joined by FLAUM, Chief Judge, COFFEY, RIPPLE, and KANNE, Circuit Judges, dissenting.
I respectfully dissent. Ours is still the sole Circuit to address whether a state’s mechanic’s lien law is preempted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and although alone on the matter, we have given it much attention. Two panels of this Court and the en banc panel have eyed it, and this dissent takes one more look. I agree with the majority that the applicable legal principles are far “easier to mouth than to apply,” ante at 286, but I disagree with the *290 majority’s application. I would uphold the vacated panel opinion in this case and would decline to reverse In re Bluffton Casting Corp., 186 F.3d 857 (7th Cir.1999).
Lingle v. Norge Div. of Magic Chef, Inc. instructs that § 301 “governs claims founded on rights created by [CBAs], and also claims ‘substantially dependent on analysis of a [CBA].”’ 486 U.S. 399, 410 n. 10, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Our opinion in Blujfton rephrased the test as follows: “Various circuits, including this one, have recognized that a claim may be preempted under the LMRA either because it depends on interpretation of the CBA or because the claim is founded on the CBA.” 186 F.3d at 862 (citations omitted). So, pre-emption applies, first, if the right is created by state law and interpretation of the CBA is required or, second, if the claim is founded directly on rights created by the CBA. I do not believe that Blufflon stated these legal principles too broadly.
I am convinced that preemption applies because the employees’ claims are founded on rights created by the CBA. The interpretation prong has been generally applied when independent state rights are implicated, such as tort actions, which require some interpretation of the CBA to resolve. When a cause of action is created by state law, independent of the CBA, a court must determine whether the CBA needs to be interpreted or if a quick look is enough. See Loewen Group Int’l, Inc. v. Haberichter, 65 F.3d 1417, 1421 (7th Cir.1995). The employees here seek unpaid vacation pay owing to them only under the CBA, which Bentz failed to pay because it went bankrupt. This means, simply put, that for whatever reason, including lack of funds, Bentz breached its contract with its employees. The employees seek to enforce the CBA, and therefore their claims are wholly founded on rights created by the CBA. This is not a case in which the employees seek enforcement of a state right independent of the CBA. As the majority notes, federal law preempts a claim for breach of a CBA. See ante at 286. Since the employees’ claims are founded on the CBA, the interpretation prong is not implicated, and the employees’ state mechanic’s hens are preempted.
Section 301 “creates a federal remedy for the breach of a [CBA]. The remedy is exclusive; no action to enforce such an agreement may be based on state law.” National Metalcrafters v. McNeil, 784 F.2d 817, 823 (7th Cir.1986). A state mechanic’s hen does not create an independent right to vacation pay; rather it is merely a remedial vehicle used to enforce the underlying claim to vacation pay. The employees’ claim for vacation pay is founded on the CBA. Since the underlying claim to vacation pay is a federal one, the employees’ attempt to enforce their rights under the CBA via a state mechanic’s hen runs full tilt into the barriers of federal law.
The majority writes, “[i]f the entitlement to wages (or other employee pay) or the amount due were at issue, the CBA would control; almost certainly interpretation of the agreement would be necessary and would be subject to the arbitration procedures in the contract. So as to that determination, preemption would apply.” Ante at 289; see ante at 286. The majority further says that if the amount owing was disputed the dispute “would be resolved in the appropriate way — arbitration followed by confirmation, or a direct 301 suit in federal court if arbitration is not called for in the CBA.” Ante at 287. It is true that the amount of vacation pay owing to employees here is not disputed; nevertheless, a state mechanic’s hen is not the appropriate collection remedy. Regardless of whether the amount due is disputed or not, *291 preemption applies because the employees are seeking to enforce the CBA. The CBA in this case calls for disputes to be resolved through arbitration.
The parties have stipulated to the amount owing to employees. The majority says that since there is no dispute over the amount, no interpretation of the CBA is required, so preemption does not apply. Whether the CBA needs to be interpreted is not the question; no matter how phrased the rights to be enforced are founded on the CBA. In the end, the rule adopted by the majority will encourage employers to avoid liability by simply disputing the amount owed under the CBA. Cf. Antol v. Esposto, 100 F.3d 1111, 1128 (3d Cir.1996) (Mansmann, J., dissenting). This may well encourage artificial disputes between employers and employees, which would buck the purpose of the labor laws created to maintain harmony between the parties.
While it is true that the reasoning and result urged by this dissent would have the effect of treating unionized and nonunion-ized workers differently, this treatment should not be legally offensive; unionized workers have voluntarily bargained to be treated differently by entering into the CBA and agreeing to arbitral remedies to resolve any breach of the CBA. This means that secured creditors would maintain their priority position, which, again, is not an offensive result. While the employees’ situation is a sympathetic one, both the case and statutory law require this result. Side-stepping the law to reach an equitable result in what is a contract claim I do find legally offensive. I would affirm.